**FILED**

MAY 1 2 2021

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

## United States District Court
### Eastern District of North Carolina
### Western Division

Case No. 5:21-CT-3129-BO

(To be filled out by Clerk's Office only)

Jonathan James Newell; Roy Davidson G Jr
Antoin Jerrod Watkins

Inmate Number 0788137

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

Ja'barri Davis
A. Singleton
Sgt. Jane Doe Downey
Kimberly Harris

# COMPLAINT
*(Pro Se Prisoner)*

Jury Demand?
☑ Yes
☐ No

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section IV. Do not include addresses here.)*

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

I. **COMPLAINT**

*Indicate below the federal legal basis for your claim, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants).*

- [x] 42 U.S.C. § 1983 (state, county, or municipal defendants)

- [ ] Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants)

- [ ] Action under Federal Tort Claims Act (United States is the proper defendant; must have presented claim in writing to the appropriate Federal agency and received a notice of final denial of the claim pursuant to 28 U.S.C. § 2401(b))

II. **PLAINTIFF INFORMATION**

Roy G Davidson Jr
Name

1543063
Prisoner ID #

WARREN CI
Place of Detention

P.o. Box 728
Institutional Address

Norlina    N.C.    27563
City        State       Zip Code

III. **PRISONER STATUS**

*Indicate whether you are a prisoner or other confined person as follows:*

- [ ] Pretrial detainee   [ ] State   [ ] Federal
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [x] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner

## IV. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant. If the correct information is not provided, it could result in the delay or prevention of service. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.*

Defendant 1: __Ja'barri Davis__
Name

__Correctional officer__
Current Job Title

__P.O. Box 728 Nor__
Current Work Address

__Norlina, N.C. 27563__
City            State            Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☑ Both

Defendant 2: __A. Singleton__
Name

__Correctional officer__
Current Job Title

__P.O. Box 728__
Current Work Address

__Norlina  N.C. 27563__
City            State            Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☑ Both

## Defendant(s) Continued

Defendant 3: <u>Sgt. Jane Doe Downey</u>
Name

<u>Sergeant Correctional officer</u>
Current Job Title

<u>P.O. Box 728</u>
Current Work Address

<u>Norlina, N.C. 27563</u>
City    State    Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☒ Both


Defendant 4: <u>Kimberly Harris</u>
Name

<u>Unit Manager of Granville Dorm</u>
Current Job Title

<u>P.O. Box 728</u>
Current Work Address

<u>Norlina, N.C. 27563</u>
City    State    Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☒ Both

## V. STATEMENT OF CLAIM

Place(s) of occurrence: Granville dorm Warren C.I.

Date(s) of occurrence: between March 2021 to 9 May 2021

State which of your federal constitutional or federal statutory rights have been violated:

8th amendment Cruel and unusual punishment, 14th Amendment Life, and Liberty interest, 1st Amendment Freedom of speech expression. Intentional infliction of emotional distress, Racial discrimination, gender discrimination, due process violations

State here briefly the FACTS that support your case. Describe how each defendant was personally involved in the alleged wrongful actions, state whether you were physically injured as a result of those actions, and if so, state your injury and what medical attention was provided to you.

FACTS:

> Who did what to you?

Ja'barri Davis has a pattern of behavior to antagonize and to degrade inmates in violation of her first-amendment utilizing vulgar offensive speach with threats of throwing our meal trays on the floor and taunting us to "do something about it." et cetera. Slamming (our) Inmate plaintiff Newell's finger in the door and lying to colleagues and superiors. Making offensive gender comments to male inmates, and working with A. Singleton whom has a history of antagonizing white inmates to incite and provoke an incident, helping to hide Ja'barri Davis misconduct by omitting specific facts and breaching first amendment with vulgar statements, and communicating threats. mistreatment for reporting Covid-19 violations. Sgt. Jane Doe Downey as a superior ignores her designees, Davis, and Singletons misconduct by tampering with grievances and ignoring Newell's need for medical attention, after Davis caused injury and did lie and omit facts in reports with equal threats to deny inmate meals. Kimberly Harris, referencing plaintiff Davidson as poor white trash and failing to address abuse claims by deliberate indifference with joint amount of gender racial intollerance discrimination & harassment. Over Covid-19 violations, retaliation.

Page 5 of 10

**What happened to you?**

For several months plaintiffs have been treated inhumanely with physical injuries, and a barrage of mistreatment by defendants. Slamming doors, harassment over the "PA" system, Staff hitting beds to wake inmates up, not providing cleaning supplies for Covid-19, destroying grievances. When inmates reported the failure to provide supplies for COVID-19 staff became unfair with treatment, retaliation.

That staff horseplay and dont adhere to masking yet viciously enforce unfair standards while pretending to not notice failure to social distance in sleeping area and continue to make many announcements a sensory overload with multiple fictious write-ups for failure to comply with mask mandate. Took Antones matt/bed with ignorance to 490.

The matter is ignored that they fail to give proper recreation for named plaintiffs, the cumulative effect is inhumane treatment

**When did it happen to you?**

Between the Months of March 2021 to 9 May 2021 Staff in Granville dorm at Warren Correctional.
- 10th of April - Ja'barri Davis Slammed Newell's finger into the door.
- 1st of may - K. Harris utilized racial slurs while depriving yard. (Davidson)
- Continued pattern of Downey to supply COVID-19 cleaning supplies
- Continued pattern of Ja'barri Davis and Downey retaliating against Watkins - while utilizing A. Singleton as a henchman bodyguard with several instances of refusing recreation time and grievances, denied Watkins several weeks of recreation.

**Where did it happen to you?**

Granville dorm Warren C.I.

Antoine Watkins has a medical 490 for an extra mattress and to retaliate they keep taking it.

**What was your injury?**

- Antoin Jerrod Watkins- The denial of recreation amounts to a liberty interest and of life interest for several weeks was denied rec time, and denied my right to use the grievance system as they tried to claim it was germane to disciplinary. I was in regular population and not restricted housing and the deprivation and erosion of my rights were based upon staff being reported for violating Covid-19 executive orders. This also was a breach of my freedom of expression and inability to comply with PLRA exhaustion which violates equal protections, starvation threats. The failure to maintain Covid-19 cleaning supplies left me at risk of catching Covid-19. Denial of rec and lack of covid hygene is a physical injury due to atrophy and poor ventilation and not having fresh air. Intentional infliction of emotional distress applies.
- Roy Davidson Jr. - The threats of starvation, denial of recreation and ability to protect myself from Covid-19 is a life and liberty interest Being called "poor white trash" by UM Harris was uncalled for and racial discrimination abounds in this facility against white males being mistreated. The continued noise and harrassment has no penological purpose other than to belittle and demean, the slamming of our beds to jar us awake is a form of an assault when the cumulative effect is unfair and inhumane treatment, suffered en masse, by all plaintiffs. The slamming of doors was finally stopped when door was altered by maintinance. Yet Davis and Singleton now find new ways to disrupt our peace and security to be able to study, read, sleep, meditate and this liberty, and pursuit of happiness is important when stuck in the dorm for 23 hours a day 7 days a week, due to Covid-19.
- Newell, finger was slammed into the door and also falsely written up and this is a series of verbal threats, grievance tampering, staff lying in reports, intentional infliction of emotional distress applies as all parties refused to get me to medical, deliberate indifference to my medical needs.

## VI. ADMINISTRATIVE PROCEDURES

*WARNING: Prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). Your case may be dismissed if you have not exhausted your administrative remedies.*

Have you filed a grievance concerning the facts relating to this complaint?  ☑ Yes  ☐ No
   If no, explain why not:

Is the grievance process completed?  ☑ Yes  ☐ No
   If no, explain why not:
   Grievances are obstructed.

## VII. RELIEF

*State briefly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.*

- Roy Davidson - against U.M Harris only Nominal 1.00, Punative/500.00, other relief deemed appropriate. Legal fees paid.
- Antoin Watkins - Each defendant Nominal 1.00, Punative $5000, Compensatory $5000. each write-up admin. fee to be repaid over alleged not wearing masks.
- Newell - Nominal $1.00, Punative $500.00, Compensatory $500.00 each defendant. Grievances to be restructured to curb further tampering. For an independant review to investigate agency and Facility Standards and practices. For a system of reporting Correctional staff to create a log to track allegations in grievances and legal actions.

## VIII. PRISONER'S LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in forma pauperis in federal court if that prisoner has "on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g).*

Have you brought any other lawsuits in state or federal court while a prisoner? ☑ Yes ☐ No

    If yes, how many? Newell ten

Number each different lawsuit below and include the following:

- Name of case (including defendants' names), court, and docket number
- Nature of claim made
- How did it end? (For example, if it was dismissed, appealed, or is still pending, explain below.)

Newell v. White (W.D.N.C. 2015)

Newell v. N.C. Dept. of Public Safety (4) (2019-2020) Discovery process (1)

Newell v. Cooper (E.D.N.C. 2020) (4th cir 2021)

Newell v. Hooks (E.D.N.C. 2020) - Discovery Process

Newell v. Hawkins (E.D.N.C. 2020) - Discovery Process

Newell v. Roy Cooper Governor's Covid-19 Task force et al. (E.D.N.C. 2021)

Newell v. N.C. Industrial Commission (E.D.N.C. 2021)

Page 9 of 10

Case 5:21-ct-03129-BO    Document 1    Filed 05/12/21    Page 9 of 10

## IX. PLAINTIFF'S DECLARATION AND WARNING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

*Each Plaintiff must sign and date the complaint and provide prison identification number and prison address.*

9 May 2021
Dated

Plaintiff's Signature

Jonathan James Newell
Printed Name

0788137
Prison Identification #

P.O. Box 728    Norlina,    N.C.    27563
Prison Address      City          State    Zip Code