IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CT-3129-BO

| | | |
|---|---|---|
| JONATHAN JAMES NEWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JA'BARRI DAVIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On May 12, 2021, Jonathan James Newell ("Newell" or "plaintiff"), a state inmate proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 [D.E. 1]. Newell alleges that defendants retaliated against him by slamming his hand into a door and injuring it, refusing to get him medical attention, and writing fictitious write-ups. See id. at 5–9. On December 9, 2021, the court conducted an initial review of the complaint and allowed Newell to proceed with this action [D.E. 26]. On April 20, 2022, defendants answered the complaint [D.E. 39]. On April 21, 2022, the court entered a scheduling order providing for a period of discovery and a dispositive motions deadline [D.E. 40]. Defendants move for a protective order [D.E. 42] and summary judgment [D.E. 46].

The court begins with defendants' motion for protective order. On June 27, 2022, Newell served defendants his first set of interrogatories, request for production of documents, and requests for admissions. See [D.E. 43-1]. Defendants request that "discovery not be had as requested by [Newell]." [D.E. 43] 6. Defendants argue that all of Newell's discovery requests are untimely because they were not served until twenty-two days prior to the discovery deadline. See id. at 5. Defendants also argue, without any specificity, that all of Newell's discovery requests are improper

because they seek confidential documents, records that do not pertain to the issues in this case, and are burdensome on defense counsel. See id.

> Federal Rule of Civil Procedure 26(c) states that:
>
> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

Fed. R. Civ. P. 26(c)(1).

"To establish good cause for a protective order under Federal Rule of Civil Procedure 26(c), . . . courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (quotations and citations omitted). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy Rule 26(c)." Springs v. Ally Fin., Inc., 684 F. App'x 336, 338 (4th Cir. 2017) (quotation and citation omitted).

The court finds that defendants' conclusory assertions are insufficient to establish good cause for a protective order. Additionally, defendants did not submit the necessary certification of a good faith attempt to resolve the issue without court intervention. See Fed. R. Civ. P. 26(c)(1). Thus, the court denies the motion and directs defendants to respond to Newell's discovery requests.

In light of the court's denial of defendants' motion for protective order, the court sua sponte extends the discovery and dispositive motions deadlines. All discovery shall be completed by November 30, 2022. All motions, including dispositive ones, shall be filed by December 30, 2022. The court also finds that consideration of defendants' motion for summary judgment is premature.

Moreover, defendants' motion for summary judgment does not comply with the Federal Rules of Civil Procedure and the court's Local Civil Rules. Specifically, the motion is not supported by a separate memorandum, statement of material facts, and appendix. See Fed. R. Civ. P. 56; Local Civil R. 7.1(e) and 56.1(a). Thus, the court denies without prejudice defendants' motion for summary judgment.

In sum, the court DENIES defendants' motion for protective order [D.E. 42] and DENIES WITHOUT PREJUDICE defendants' motion summary judgment [D.E. 46]. The court DIRECTS defendants to respond to Newell's discovery requests. The court sua sponte EXTENDS the discovery and dispositive motions deadlines. All discovery shall be completed by November 30, 2022. All motions, including dispositive ones, shall be filed by December 30, 2022.

SO ORDERED. This 27 day of October, 2022.

TERRENCE W. BOYLE
United States District Judge