IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CT-3129-BO

| | |
|---|---|
| JONATHAN JAMES NEWELL, | ) |
| Plaintiff, | ) ) ) |
| v. | )    **ORDER** |
| JA'BARRI DAVIS, et al., | ) ) ) |
| Defendants. | ) |

This matter is before the court on plaintiff's motions to quash the court's March 8, 2024, order granting defendants' motion to reopen the case scheduling order [D.E. 77, 79], and on defendants' motion for extension of time until May 17, 2024, to file dispositive motions [D.E. 78]. As explained below, the court denies plaintiff's motions, grants defendants' motion, warns defendants that there will be no further extensions of the dispositive motions deadline under any circumstances, and directs the Attorney General to show cause why sanctions should not be issued.

## BACKGROUND

On May 12, 2021, Jonathan James Newell ("Newell"), a state inmate proceeding pro se, filed a complaint under 42 U.S.C. § 1983 [D.E. 1, 8]. On November 24, 2021, Newell filed an amended complaint as directed by the court. See [D.E. 24, 25]. On December 9, 2021, the court conducted a frivolity review of Newell's amended complaint and allowed the action to proceed [D.E. 26].

On October 22, 2022, defendants, then represented by Special Deputy Attorney General Bryan G. Nichols ("Nichols"), filed a one-page unsupported motion for summary judgment [D.E. 46]. On October 27, 2022, the court denied without prejudice defendants' first motion for

summary judgment as premature and for failure to comply with the Federal Rules of Civil Procedure and the court's Local Civil Rules [D.E. 47].

On January 13, 2023, defendants filed a renewed motion for summary judgment [D.E. 50–53]. Defendants' statement of material facts did not describe any of the facts surrounding Newell's allegations, merely stated in a conclusory fashion that defendants denied Newell's allegations, and did not cite to particular parts of material in the record. See [D.E. 52]. Additionally, defendants' appendix merely contained publicly available information on Newell's criminal convictions and prison disciplinary infractions, along with conclusory and unsigned or redacted declarations that had no evidentiary value. See [D.E. 53]. On September 18, 2023, the court denied without prejudice defendants' renewed motion for summary judgment and referred the action to Magistrate Judge Numbers for a court-hosted settlement conference [D.E. 59]. The court noted that it was frustrated with Nichols's lack of effort to manage his cases properly and professionally, and warned Nichols that he must comply with the court's orders, the Federal Rules of Civil Procedure, and the court's Local Civil Rules. See id. at 4.

On December 5, 2023, Magistrate Judge Numbers hosted a settlement conference which resulted in an impasse [D.E. 66]. On January 12, 2024, the court scheduled a pretrial conference and notified the parties that it expected them to provide a forecast of evidence at the pretrial conference [D.E. 67]. On February 8, 2024, the court held a pretrial conference and instead of presenting a forecast of evidence, Nichols stated that the parties had reopened settlement negotiations and requested additional time to work out a settlement of the action, which the court allowed [D.E. 70]. On February 16, 2024, Nichols notified the court that he discussed possible settlement of the action with Newell but was unclear whether or how the parties would resolve the matter [D.E. 71]. Nichols also notified the court that he was leaving employment with the North

2

Carolina Department of Justice and stated that another attorney may have better results in settlement negotiations. See id. ¶ 4. On February 20, 2024, the court provided the parties another opportunity to work out a settlement of the action [D.E. 72].

On March 6, 2024, Special Deputy Attorney General James B. Trachtman ("Trachtman") substituted as counsel for defendants in place of Nichols [D.E. 73] and moved to reopen the case scheduling order [D.E. 74]. Trachtman stated the parties did not settle the action and moved to "reopen the case Scheduling Order to allow dispositive motions to be filed by April 12, 2024, with no additional extensions." [D.E. 74] ¶ 17 (emphasis added). On March 8, 2024, the court granted defendants' motion given Trachtman's assurance that defendants would not seek any further delays in this case [D.E. 76].

Defendants now move for an extension of time until May 17, 2024, to file dispositive motions [D.E. 78]. Trachtman states that at the time he moved to reopen the case scheduling order, he "anticipated—incorrectly—that no extensions would be required." Id. ¶ 18. Trachtman further states that he "will be leaving the North Carolina Department of Justice on April 17, 2024, and the dispositive motion in this matter will need to be completed by substitute counsel." Id. ¶ 24.

Newell objects to any further extensions of time to file dispositive motions and moves to quash the court's March 8, 2024, order granting defendants' motion to reopen the case scheduling order [D.E. 77, 79]. Newell contends he has been prejudiced by the numerous delays in this case. See [D.E. 77] 1–2; [D.E. 79] 1–6. Newell contends that Nichols and Trachtman blamed the delays on their "case load and lack of staff" when they were actually "job hunting rather than litigating." [D.E. 79] 4–5. Newell further contends that Nichols and Trachtman did not engage in settlement negotiations with him beyond what was discussed in court at the pretrial conference on February 8, 2024. See id. at 6. Newell seeks a court order "requiring defendant[s] [to] prepare for trial or

3

settlement as listed for each party and order an evidentiary hearing to be held on this motion and/or quash the extension of time and dispositive motion order in this matter and order the defendants to be creative and generous for the settlement offer." Id.

## DISCUSSION

Federal Rule of Civil Procedure 11 provides that by presenting to the court a pleading, written motion, or other paper, an attorney certifies to the best of the attorney's knowledge, information, and belief, that: "(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information." Fed. R. Civ. P. 11(b). If an attorney violates Rule 11, a court may impose sanctions including "nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).

Federal Rule of Civil Procedure 16(f) provides that a court may impose sanctions where a party or its attorney: (1) "fails to appear at a scheduling or other pretrial conference;" (2) "is substantially unprepared to participate—or does not participate in good faith—in the conference;" or (3) "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f).

4

The Attorney General's office has repeatedly violated Rules 11 and 16 by disobeying the court's orders, filing procedurally and substantively insufficient dispositive motions, appearing unprepared at the court's pretrial conference, presenting false representations to the court that they would engage in settlement negotiations when it is now clear none occurred, presenting false representations to the court that they would not seek any further extensions of time to file dispositive motions when the court reopened the case scheduling order, and causing unnecessary delays in this long-pending case. Moreover, this court, among other courts throughout North Carolina, has repeatedly admonished Nichols for his conduct to no avail. See [D.E. 59]; see also Order, Case v. Beasley, No. 5:21-CT-3157-D (E.D.N.C. Dec. 8, 2023), [D.E. 72]; Order, Best v. Ezzell, No. 5:22-CT-3122-BO (E.D.N.C. Sept. 11, 2023), [D.E. 33]; Order, Case v. Beasley, No. 5:21-CT-3157-D (E.D.N.C. Aug. 17, 2023), [D.E. 56]. Accordingly, the court directs the Attorney General's office to show cause why the court should not issue sanctions. The Attorney General's office shall file its response on or before May 17, 2024. There will be no extensions of this deadline. Failure to respond will result in the imposition of sanctions.

As for defendants' motion for extension of time to file dispositive motions, the court grants the motion. Defendants shall have until May 17, 2024, to file dispositive motions. There will be no further extensions of this deadline under any circumstances.

As for Newell's motions to quash the court's March 8, 2024, order granting defendants' motion to reopen the case scheduling order, the court denies the motions. However, as noted above, there will be no further extensions of the dispositive motions deadline. To the extent Newell seeks a court order requiring defendants to engage in settlement negotiations, the court has already hosted a settlement conference.

5

## CONCLUSION

In sum, the court DENIES plaintiff's motions [D.E. 77, 79], GRANTS defendants' motion for extension of time until May 17, 2024, to file dispositive motions [D.E. 78], and DIRECTS the Attorney General to show cause on or before May 17, 2024, why the court should not issue sanctions. There will be no further extensions of the dispositive motions and show cause deadlines under any circumstances. The Attorney General's office is warned that failure to respond to the court's order will result in the imposition of sanctions. Because there has been no substitution of counsel filed, the court DIRECTS the clerk to email a copy of this order to Orlando L. Rodriguez, Special Deputy Attorney General, Temporary Section Head, Public Safety Section, North Carolina Department of Justice.

SO ORDERED, this ___ day of April, 2024.

Terrence Boyle
TERRENCE W. BOYLE
United States District Judge