| | |
|---|---|
| JONATHAN JAMES NEWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **RESPONSE TO THE COURT'S** |
| v. ) | **ORDER TO SHOW CAUSE** |
| ) | |
| JA'BARRI DAVIS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

The office of the North Carolina Attorney General, through the undersigned counsel, provides the following response to this Court's order to show cause as to why the Court should not enter sanctions. DE-80 at 5.

## Introduction

The procedural history of this case and the litigation decisions made by the previous counsel of record are well-chronicled in this Court's show cause order. *See* DE-80 at 1-4. Simply put, prior counsel's conduct and decisions are not reflective of the standards or expectations for attorneys within the North Carolina Department of Justice ("the Department") or its Public Safety Section.

Nor is the work product of those attorneys in this case representative of their overall work product. The undersigned has worked with both of those attorneys for several years and knows them to be very capable attorneys who always tried to do the best they could under the circumstances. While not an excuse, Mr. Nichols and Mr. Trachtman were both laboring under very difficult circumstances, caused by severe budget cuts from the legislature, high attrition rates among their colleagues in the Section and the resulting extremely heavy caseloads, as well as other unique personal demands on their time. The Department has continued to undertake measures to

attempt to address these issues, including repeatedly (though largely unsuccessfully) seeking additional funding from the legislature, reorganizing the Section and its leadership to attempt to help it run more efficiently with the limited available resources, and seeking to recruit for and fill open positions within the Section. While those efforts clearly did not prevent the unacceptable performance that occurred in this case, the undersigned believes that the Public Safety Section is on a path to significant improvement.

### Recent Reorganization of the Public Safety Section

As noted above, each of the attorneys within the Public Safety Section at the Department of Justice shoulders a tremendous caseload. Attorneys routinely manage a docket of scores of cases in federal court and are expected to keep up with the frequent filings that accompany such a caseload. Perhaps not surprisingly, shouldering a caseload of this magnitude has led to high attrition rates in the Section. The Section regularly experiences the highest vacancy rate at the Department, and open positions often take months—if not longer—to fill.

The Department has repeatedly undertaken efforts to attempt to rectify these issues. Since the time significant budget cuts were imposed on the Department in 2017, the Department has repeatedly sought increased legislative funding for the Public Safety Section. While these efforts have been unsuccessful to date, they will continue.

Most recently, last month, the Department implemented a reorganization of the Public Safety Section to place it under the leadership of the Department's most experienced civil litigators. Historically, the Public Safety Section has been housed within the Criminal Bureau at the Department of Justice. As of April 22, 2024, the Public Safety Section has been moved to the Civil Bureau, within the Litigation Division. The Chief of the Civil Bureau is Judge Reuben F. Young. The Senior Deputy Attorney General in charge of the Litigation Division, reporting to

Judge Young, is Amar Majmundar, one of the Department's most experienced civil litigators. The Litigation Division is also home to other high volume civil litigation-focused sections. In addition, since April 22, 2024, the undersigned counsel has served as the interim Section Head for the Public Safety Section. The undersigned served for three years in the Public Safety Section before transferring to the Special Litigation Section to focus on complex civil cases, and is committed to doing everything reasonably possible to significantly improve the performance of the Public Safety Section while serving as Section Head. With this realignment, the Public Safety Section can now more readily take advantage of the experienced leadership within the Litigation Division and the Civil Bureau to improve efficiencies and optimize the management of cases.

In addition to the realignment of the Public Safety Section, the Department is in the early stages of reassessing its historic staffing strategies with respect to the high-volume prisoner litigation. Additionally, the Department is working with the North Carolina Department of Adult Correction ("NC DAC"), its primary client, to improve workflows and eliminate or reduce bottlenecks that have hampered the pace of these cases. While it may take time to fully realize the benefits of these structural and organizational changes, the Department, the undersigned, Mr. Majmundar, and Mr. Young are confident that these changes will position the attorneys in the Public Safety Section to produce the kind of work product that meets and exceeds the standards expected by the Office of the North Carolina Attorney General.

For these reasons, the Office of the North Carolina Attorney General respectfully submits that sanctions should not be imposed in this matter.

Respectfully submitted, this 17th day of May, 2024.

JOSHUA H. STEIN
**Attorney General**

/s/ Orlando Rodriguez
Orlando Rodriguez
Special Deputy Attorney General
N.C. State Bar No. 43167
N.C. Department of Justice
P.O. Box 629
Raleigh, North Carolina 27602-0629
Telephone: (919) 716-6516
Email: orodriguez@ncdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on the above date, I electronically filed the foregoing **RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE** with the Clerk of Court using the CM/ECF system. I also certify that, on May 20, 2024, the date below, I will cause to be served a copy of same upon the Plaintiff, a *non* CM/ECF participant via first-class regular United States Mail addressed as follows:

Jonathan James Newell
OPUS No. 0788137
Nash Correctional Institution
P. O. Box 600
Nashville, NC 27856
*Pro Se Plaintiff*

This the 17th day of May, 2024.

/s/ Orlando L. Rodriguez
Orlando L. Rodriguez
Special Deputy Attorney General