IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CT-3129-BO

JONATHAN JAMES NEWELL, )
)
Plaintiff, )
)
v. ) **ORDER**
)
JA'BARRI DAVIS, et al., )
)
Defendants. )

This matter is before the court on defendants' motions for summary judgment [D.E. 85], and to file their memorandum of law, statement of material facts, and exhibits under seal [D.E. 89]. Plaintiff did not respond to defendants' motion for summary judgment, and the time to do so has expired.

## STATEMENT OF THE CASE

On May 12, 2021, Jonathan James Newell ("Newell"), a state inmate proceeding pro se, filed a complaint under 42 U.S.C. § 1983 [D.E. 1, 8]. On November 24, 2021, Newell filed an amended complaint as directed by the court. See [D.E. 24, 25]. On December 9, 2021, the court conducted a frivolity review of Newell's amended complaint and allowed the action to proceed [D.E. 26].

On October 22, 2022, defendants, then represented by Special Deputy Attorney General Bryan G. Nichols ("Nichols"), filed a one-page unsupported motion for summary judgment [D.E. 46]. On October 27, 2022, the court denied without prejudice defendants' first motion for summary judgment as premature and for failure to comply with the Federal Rules of Civil Procedure and the court's Local Civil Rules [D.E. 47].

On January 13, 2023, defendants filed a renewed motion for summary judgment [D.E. 50–53]. Defendants' statement of material facts did not describe any of the facts surrounding Newell's allegations, merely stated in a conclusory fashion that defendants denied Newell's allegations, and did not cite to particular parts of material in the record. See [D.E. 52]. Additionally, defendants' appendix merely contained publicly available information on Newell's criminal convictions and prison disciplinary infractions, along with conclusory and unsigned or redacted declarations that had no evidentiary value. See [D.E. 53]. On September 18, 2023, the court denied without prejudice defendants' renewed motion for summary judgment and referred the action to Magistrate Judge Numbers for a court-hosted settlement conference [D.E. 59].

On December 5, 2023, Magistrate Judge Numbers hosted a settlement conference which resulted in an impasse [D.E. 66]. On February 8, 2024, the court held a pretrial conference and Nichols notified the court that the parties had reopened settlement negotiations and requested additional time to work out a settlement of the action, which the court allowed [D.E. 70]. On February 16, 2024, Nichols notified the court that he discussed possible settlement of the action with Newell but was unclear whether the parties would settle the action [D.E. 71]. Nichols also notified the court that he was leaving employment with the North Carolina Department of Justice and stated that another attorney may have better results in settlement negotiations. See id. ¶ 4. On February 20, 2024, the court provided the parties another opportunity to work out a settlement of the action [D.E. 72].

On March 6, 2024, Special Deputy Attorney General James B. Trachtman ("Trachtman") substituted as counsel for defendants in place of Nichols [D.E. 73] and moved to reopen the case scheduling order to allow dispositive motions to be filed because the parties did not settle the action [D.E. 74, 75]. On March 8, 2024, the court granted defendants' motion [D.E. 76].

2

On April 12, 2024, Trachtman moved for an extension of time to file dispositive motions and notified the court that he was leaving employment with the North Carolina Department of Justice [D.E. 78]. Newell objected to any further extensions of time to file dispositive motions and moved to quash the court's March 8, 2024, order granting defendants' motion to reopen the case scheduling order [D.E. 77, 79]. On April 26, 2024, the court denied Newell's motions, granted defendants' motion for extension of time to file dispositive motions, and directed the Attorney General to show cause why the court should not issue sanctions [D.E. 80].

On May 17, 2024, Special Deputy Attorney Generals Orlando L. Rodriguez ("Rodriguez") and Alex R. Williams ("Williams") substituted as counsel for defendants in place of Trachtman [D.E. 82, 84]. On the same date, defendants responded to the court's show cause order [D.E. 83] and moved for summary judgment [D.E. 85–88] and to file their memorandum of law, statement of material facts, and exhibits under seal [D.E. 89]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Newell about defendants' motion for summary judgment, the consequences of failing to respond, and the response deadline [D.E. 90]. On June 5, 2024, the court granted Newell's motion for extension of time to file a response in opposition to defendants' motion for summary judgment and directed defendants to resend Newell a copy of their motions for summary judgment and to seal [D.E. 92]. On June 7, 2024, defendants filed a certificate of service stating that they resent Newell a copy of their motions [D.E. 96].

On June 6, 2024, Newell filed a notice of interlocutory appeal concerning the court's order reopening the case scheduling order and allowing further dispositive motions to be filed [D.E. 93]. Newell also moved to stay proceedings pending appeal pursuant to Federal Rule of Appellate Procedure 8(a)(1)(A). See id. at 1–5. On July 10, 2024, the court denied Newell's motion to stay proceedings pending appeal, granted Newell a second extension of time to file a response in

3

opposition to defendants' motion for summary judgment, and warned Newell that failure to respond would result in dismissal of this action without prejudice for failure to prosecute [D.E. 98]. On July 25, 2024, Newell objected to the court's July 10, 2024, order [D.E. 99].

On July 30, 2024, the United States Court of Appeals for the Fourth Circuit dismissed Newell's appeal. See Newell v. Davidson, No. 24-6553, 2024 WL 3580131, at *1 (4th Cir. July 30, 2024) (per curiam) (unpublished). On August 1, 2024, the court allowed Newell one final opportunity to file a response in opposition to defendants' motion for summary judgment [D.E. 102]. Newell did not file a response, and the time to do so has expired.

## DISCUSSION

The allegations of Newell's complaint arose at Warren Correctional Institution. See Am. Compl. [D.E. 25] 5–9.[1] Newell alleges (1) defendants violated his due process rights concerning his disciplinary convictions; (2) defendants were deliberately indifferent to his serious medical needs concerning his hand injury; (3) defendants retaliated against him for filing grievances against staff; (4) defendant Ja'barri Davis used excessive force against him by slamming his hand into a door; and (5) defendant Sgt. Downey is liable under a theory of supervisory liability. See [D.E. 25] 5–9; [D.E. 86] 1–29; [D.E. 87] ¶¶ 3–41.

---

[1] Newell's original complaint named Unit Manager Kimberly Harris ("K. Harris") as a defendant. See [D.E. 8] 4. On November 24, 2021, Newell filed an amended complaint that did not name K. Harris as a defendant, but did name Disciplinary Hearing Officer T. Harris ("T. Harris") as a defendant. See [D.E. 25] 4. On December 9, 2021, the court reviewed Newell's amended complaint and allowed the action to proceed against T. Harris. See [D.E. 26] 1. On the same date, the clerk mistakenly issued a request to waive service of summons to K. Harris, not T. Harris. See [D.E. 27] 3. On February 7, 2022, K. Harris waived service. See [D.E. 34] 3. Because of the clerical error, the court directs the clerk to add T. Harris to the docket. As for K. Harris, Newell waived his claims against K. Harris in his amended complaint. See Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017); Young v. City of Mount Rainier, 238 F.3d 567, 573 (4th Cir. 2001); abrogated on other grounds by Short v. Hartman, 87 F.4th 593, 598 (4th Cir. 2023); El. v. Charlotte Mecklenburg Pol. Dep't, No. 3:16-cv-51-RJC-DCK, 2016 WL 1441275, at *1 (W.D.N.C. Apr. 12, 2016) (unpublished). Nonetheless, K. Harris answered the amended complaint and moves for summary judgment. See [D.E. 39, 85–88].

4

Defendants move for summary judgment and argue that Newell failed to exhaust his administrative remedies before filing this action. See [D.E. 86] 6–11; [D.E. 88-1] 76–86. Summary judgment is appropriate when, after reviewing the record as a whole, the court determines that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); Scott v. Harris, 550 U.S. 372, 378 (2007); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment must initially demonstrate the absence of a genuine issue of material fact or the absence of evidence to support the nonmoving party's case. See Celotex, 477 U.S. at 325. Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, see Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (cleaned up). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. See Anderson, 477 U.S. at 248–49. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. See Scott, 550 U.S. at 378; Simmons v. Whitaker, 106 F.4th 379, 385 (4th Cir. 2024); Alexander v. Connor, 105 F.4th 174, 179 (4th Cir 2024).

A party's statement of undisputed material facts is "deemed admitted for purposes of the motion [for summary judgment] unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement." Local Civ. R. 56.1(a)(2); see Felton v. Moneysworth Linen Serv., Inc., 295 F. Supp. 3d 595, 597 n.1 (E.D.N.C. 2018); Howard v. Coll. of the Albemarle, 262 F. Supp. 3d 322, 329 n.1 (E.D.N.C. 2017), aff'd, 697 F. App'x 257 (4th Cir. 2017) (per curiam) (unpublished); United States v. Compassionate Home Care Servs., Inc., No.

5

7:14-CV-113, 2017 WL 1030706, at *1 n.1 (E.D.N.C. May 15, 2017) (unpublished); Fed. R. Civ. P. 56(e)(2). Newell did not controvert defendants' statement of material facts or offer affidavits, declarations, or other competent summary judgment evidence in opposition to defendants' motion for summary judgment, and his amended complaint is not verified. Cf. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Goodman v. Diggs, 986 F.3d 493, 498 (4th Cir. 2021).

The Prison Litigation Reform Act of 1995 ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Ross v. Blake, 578 U.S. 632, 638–39 (2016); Woodford v. Ngo, 548 U.S. 81, 83–85 (2006); Porter v. Nussle, 534 U.S. 516, 524 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter, 534 U.S. at 532. The PLRA requires a prisoner to exhaust administrative remedies "regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007); see Ross, 578 U.S. at 638–39. Failure to exhaust administrative remedies is an affirmative defense that a defendant must generally plead and prove. See Jones, 549 U.S. at 216; Wilcox v. Brown, 877 F.3d 161, 167 (4th Cir. 2017); Custis v. Davis, 851 F.3d 358, 361 (4th Cir. 2017).

Section 1997e(a) requires an inmate to exhaust his administrative remedies before filing suit. See Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004); Johnson v. Jones, 340 F.3d 624, 626–28 (8th Cir. 2003). When an inmate files suit early, courts typically dismiss the action without prejudice. See, e.g., Ford, 362 F.3d at 401; Cox v. McCargo, No. 5:16-CT-3066, 2017 WL

6

4581795, at *2–3 (E.D.N.C. Oct. 13, 2017) (unpublished); Griffin v. Shandles, No. 5:15-CT-3145, 2016 WL 715753, at *1–2 (E.D.N.C. Feb. 22, 2016) (unpublished), aff'd, 671 F. App'x 60 (4th Cir. 2016) (per curiam) (unpublished); Johnson v. Cannon, No. 4:08-776-PMD, 2010 WL 936706, at *8 (D.S.C. Mar. 15, 2010) (unpublished), aff'd, 390 F. App'x 256 (4th Cir. 2010) (per curiam) (unpublished); Shouse v. Madsen, No. 7:09-CV-461, 2010 WL 276543, at *2 (W.D. Va. Jan. 19, 2010) (unpublished). A dismissal without prejudice allows the prisoner an opportunity to exhaust the administrative process and then file a new suit, if the prisoner so chooses.

The North Carolina Department of Adult Correction provides a three-step administrative-remedy procedure for prisoner grievances. See, e.g., Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008). Between April 8, 2021, and November 17, 2021, Newell "only exhausted two administrative remedies and neither . . . relate[d] to excessive force, due process, retaliation, or [any of] the other claims raised in [Newell's] [a]mended [c]omplaint." [D.E. 86] 10–11; see also [D.E. 88-1] 76–86. Also, "given that the incident occurred in April 2021 and [Newell] filed the initial lawsuit in May 2021, it would have been impossible for [Newell] to have exhausted his administrative remedies" before filing this action. [D.E. 86] 11. Moreover, because Newell did not respond to defendants' motion for summary judgment, he has not demonstrated that the administrative remedy process was unavailable to him. See Ross, 578 U.S. at 643–44. Accordingly, the court grants defendants' motion for summary judgment.

As for Newell's claims against defendant T. Harris, T. Harris has not been served and has not answered or otherwise responded to the complaint. The PLRA, however, allows a defendant to waive the right to respond to a section 1983 complaint. See 42 U.S.C. § 1997e(g). Unlike in cases involving non-incarcerated plaintiffs, the defendant's failure to respond to the complaint does not constitute an admission of the pleadings' factual allegations. See 42 U.S.C. §

7

1997e(g)(1); Jones, 549 U.S. at 213–14. If a defendant fails to respond to a complaint and the court believes that the plaintiff "has a reasonable opportunity to prevail on the merits," the court may order the defendant to respond. 42 U.S.C. § 1997e(g)(2).

Newell does not have a reasonable opportunity to prevail at this time because the record demonstrates that he failed to exhaust his administrative remedies, and he has not presented any circumstances excusing his failure to comply with the administrative procedures. See Al-Haqq v. Johnson, 827 F. App'x 364, 365 (4th Cir. 2020) (per curiam) (unpublished); Allen v. Harwood, 728 F. App'x 222, 222–23 (4th Cir. 2018) (per curiam) (unpublished); Wasmuth v. Das, 562 F. App'x 177, 178 (4th Cir. 2014) (per curiam) (unpublished); Cox, 2017 WL 4581795, at *2; McClary v. Crosson, No. 5-14-CT-3320-D, 2015 WL 5022867, at *1 (E.D.N.C. Aug. 24, 2015) (unpublished); Tomlin v. Doe, No. 3:14-CV-667-FDW, 2014 WL 6810584, at *2 (W.D.N.C. Dec. 3, 2014) (unpublished); cf. Jones, 549 U.S. at 211; Custis, 851 F.3d at 361; Francisco Ramos v. Def. Commissary Agency, No. 5:18-CV-380-BO, 2020 WL 1165282, at *1 (E.D.N.C. Mar. 9, 2020) (unpublished), aff'd, 822 F. App'x 217 (4th Cir. 2020) (per curiam) (unpublished). Accordingly, the court dismisses the action without prejudice for failure to exhaust administrative remedies. See Germain v. Shearin, 653 F. App'x 231, 234–35 (4th Cir. 2016) (per curiam) (unpublished).

Alternatively, Newell did not comply with the court's July 10, 2024, and August 1, 2024, orders, which gave him additional opportunities to respond to defendants' motion for summary judgment and warned him that failure to respond would result in dismissal of this action without prejudice for failure to prosecute. See Orders [D.E. 98, 102]. To the extent Newell objected to the court's July 10, 2024, order, see [D.E. 99], Newell's objection relied on his interlocutory appeal, which was dismissed on July 30, 2024. See Newell, 2024 WL 3580131, at *1.

Additionally, after Newell's appeal was dismissed, the court allowed Newell one final opportunity to respond to defendants' motion, and he failed to do so. See [D.E. 102]. Accordingly, the court dismisses the action without prejudice for failure to comply with the court's orders and failure to prosecute. See Clack v. Rappahannock Reg'l Staff, 590 F. App'x 291, 291–92 (4th Cir. 2015) (per curiam) (unpublished); Ballard v. Carlson, 882 F.2d 93, 95–96 (4th Cir. 1989).

As for defendants' motion to seal, the court has considered the motion under the governing standard. See, e.g., Courthouse News Serv. v. Schaefer, 2 F.4th 318, 326 (4th Cir. 2021); Doe v. Pub. Citizen, 749 F.3d 246, 267 (4th Cir. 2014). Because portions of Newell's medical records are contained in defendants' exhibits, the court grants defendants' motion to seal exhibits. See Local Civ. R. 26.1(a)(1). To the extent defendants move to seal their memorandum of law and statement of material facts, defendants have not shown a compelling reason to seal these filings. Accordingly, the court directs the clerk to unseal defendants' memorandum of law and statement of material facts [D.E. 86, 87].

## CONCLUSION

In sum, the court GRANTS defendants' motion for summary judgment [D.E. 85], and GRANTS IN PART defendants' motion to seal [D.E. 89]. The court DIRECTS the clerk to update the docket as set forth above in footnote one, to unseal defendants' memorandum of law and statement of material facts [D.E. 86, 87], and to close the case.

SO ORDERED, this 29 day of August, 2024.

Terrence Boyle
TERRENCE W. BOYLE
United States District Judge

9